REID DAMMANN (SBN: 249031)
rdammann@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 W 5th Ave, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINYA FRANCHISE, INC. and JINYA HOLDINGS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> GYU JINYA and DOES 1-10, <br><br> Defendants. | CASE NO. 26-cv-6213 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs, Jinya Franchise, Inc. and Jinya Holdings, Inc. (collectively "Jinya"), by its undersigned counsel and for its Complaint against Defendant Gyu Jinya and Does 1-10 ("collectively Defendant") avers as follows:

**NATURE OF THE ACTION**

1.     This is an action for trademark infringement arising from Defendant's unauthorized use of Jinya's intellectual property to offer competing services. Defendant's infringement has irreparably harmed the goodwill and reputation of Jinya and caused Jinya irreparable damage and monetary harm, for which Jinya seeks relief in this Court.

**PARTIES**

2.     Plaintiff Jinya Franchise, Inc. is a California corporation with its

-1-
COMPLAINT
Jinya Complaint(118215142.1) - 6/8/2026 1:36 PM

principal place of business located at 3334 Burton Avenue, Burbank, California 91504.

3.     Plaintiff Jinya Holdings, Inc. is a California corporation with its principal place of business located at 3334 Burton Avenue, Burbank, California 91504.

4.     Jinya Franchise, Inc. is the franchisor of Jinya Ramen Bar restaurants.

5.     Defendant Gyu Jinya operates Gyu Jinya Japanese Shabu & Grill, located at 4075 West Avenue L, Lancaster, CA 93536.

6.     On information and belief, Gyu Jinya is owned by Sheng Zhan.

7.     On information and belief, Gyu Jinya is a d/b/a of Unique Delights Inc., a California corporation with its principal address at 4075 W Avenue L, Lancaster, CA 93536.

8.     A public records search reveals that Gyu Jinya is not registered to do business in California.

9.     Accordingly, Does 1-10 are the owners and/or operators of the Gyu Jinya restaurant who are now sued herein under fictitious names because their true names and capacities are unknown at this time.

10.     This complaint will be amended when their true names and capacities are ascertained.

11.     Gyu Jinya and Does 1-10 are collectively referred to herein as "Defendant."

## JURISDICTION AND VENUE

12.     This is an action for trademark infringement arising under the Lanham Act, 15 U.S.C. §§ 1051 et seq.

13.     This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the Lanham Act (15 U.S.C. §§ 1051 et seq.).

14.     Venue is proper within this District under 28 U.S.C. § 1391(b) as

-2-

Defendant's restaurant is located in this district, Defendant's infringing activities occurred in this district, and Defendant resides within this judicial district, within the meaning of 28 U.S.C. § 1391(c).

15.    Defendant regularly conducts business in this district and is actively engaged in promoting, advertising, marketing, and/or offering restaurant services within this judicial district, including at the Gyu Jinya restaurant in Lancaster, California, where the trademark  infringement at issue in this lawsuit continues to occur. Upon information and belief, Defendant derives substantial revenue from operation of the Gyu Jinya restaurant within this District.

16.    Defendant's contacts with this district are sufficient to confer personal jurisdiction over Defendant.

## FACTUAL BACKGROUND

### Jinya's Intellectual Property

17.    Jinya offers and sells franchises of Jinya Ramen Bar restaurants. The Jinya Ramen Bar restaurants are casual dining restaurants and fast casual restaurants that offer freshly prepared ramen (Japanese style noodle) dishes with a diverse selection of broths, noodles, proteins, sauces and garnishes. The restaurants also offer rice bowls, Japanese appetizers and other food and beverage products for on-premises and off-premises consumption and catering events. *See, e.g.*: https://www.jinyaramenbar.com/,                https://www.robatajinya.com/, https://www.bushibyjinya.com/,    and    https://www.jinyaramenbar.com/express/; https://www.jinyaweho.com/.

18.    There are over 70 Jinya franchise restaurants located in the United States that operate under the name "Jinya." The name "Jinya" is prominently displayed, *see, e.g.*:

///

///

///

-3-
COMPLAINT
Jinya Complaint(118215142.1) - 6/8/2026 1:36 PM



19.   Jinya receives revenue from its franchises both from ongoing revenue and upon purchase of the franchise by the franchisee.

20.   Jinya owns various intellectual property rights associated with its Jinya-branded restaurants.

21.   Jinya's intellectual property rights include the following registered trademarks:

| Mark | Registration No. | Goods/Services |
|---|---|---|
| JINYA | 8263411 | Restaurant services; Cocktail lounge services; Bar services; Take-out restaurant services; Restaurants featuring home delivery; Catering services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises |
| JINYA RAMEN BAR | 4409807 | Restaurant and cocktail lounge services, carry-out restaurant, catering services and restaurants featuring home delivery; restaurant and bar services |
| JINYA RAMEN BAR (design) | 4490618 | restaurant and cocktail lounge services, carry-out restaurant, catering services and restaurants featuring home delivery; restaurant and bar services |
| JINYA RAMEN EXPRESS (design) | 6066981 | Restaurant services; Fast casual restaurants; Take out restaurant services; Catering; Restaurant and cocktail lounge services; Bar services; Take-out restaurant services; Catering services and restaurants featuring home delivery; Restaurant services, namely, providing food and beverages for consumption on and off the premises |
| JINYA RAMEN | 6110705 | Restaurant services; Fast casual restaurants; Take out restaurant services; Catering; Restaurant and |

-4-
COMPLAINT
Jinya Complaint(118215142.1) - 6/8/2026 1:36 PM

| EXPRESS | | cocktail lounge services; Bar services; Catering services and restaurants featuring home delivery; Restaurant services, namely, providing food and beverages for consumption on and off the premises |
|---|---|---|
| BUSHI BY JINYA BUSHI (design) | 5944929 | Restaurant and cocktail lounge services; Bar services; Take-out restaurant services; Catering services and restaurants featuring home delivery; Restaurant services, namely, providing food and beverages for consumption on and off the premises |
| ROBATA JINYA | 4738441 | Restaurant, bar, and cocktail lounge services; Carry-out restaurant; Catering services; Restaurants featuring home delivery |
| ROBATA JINYA (design) | 4738446 | Restaurant, bar, and cocktail lounge services; Carry-out restaurant; Catering services; Restaurants featuring home delivery |

(hereinafter "Jinya Marks")

22.    Jinya licenses the Jinya Marks to the franchisees that operate the Jinya restaurants.

23.    The Jinya Marks therefore have come to identify the Jinya restaurants run and operated by Plaintiffs.

24.    Over the years, Jinya has redefined the Japanese dining experience in the U.S. and Canada and has developed considerable goodwill in its trademarks and other intellectual property.

### Defendant's Wrongful Conduct

25.    The present lawsuit arises from Defendant's operation of a competing restaurant called "Gyu Jinya." *See* www.gyujinya.com:



26.    Like Plaintiffs' restaurants, the restaurant Gyu Jinya offers Japanese food and drink, *see* https://www.gyujinya.com/menu/.

27.     On April 29, 206, Jinya sent Defendant a cease and desist letter in

-5-

connection with Defendant's operation of its infringing restaurant. On May 4, 2026, Jinya sent a further letter to Sheng Zhan and Unique Delights. Jinya received no response.

28. Instead, Defendant has continued to use the "Jinya" name despite receiving notice of its infringement.

29. Jinya has not granted a license or given Defendant any form of permission to use intellectual property belonging to Jinya. Defendant uses the Jinya name without Jinya's permission.

30. Upon information and belief, Defendant's unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive as to the origin, affiliation, or association of Defendant's restaurant with Jinya, and the sponsorship or approval of the restaurant by Jinya.

## COUNT 1:

## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

31. Jinya hereby repeats, realleges, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

32. This is an action for trademark infringement under 15 U.S.C. § 1114 based on Defendant's use of the name "Jinya" in commerce, in connection with its promotion, distribution, manufacturing, offer for sale, sale, marketing, and/or advertising of restaurant services.

33. The Jinya Marks identified herein are in full force and effect, and they have been in continuous use since their respective first dates of use.

34. Defendant uses the term "Jinya" to promote restaurant services identical to that of Jinya's. This conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Jinya, or as to the origin, sponsorship, or approval of Defendant's services by Jinya. Defendant's conduct is likely to induce consumers to believe, contrary to fact, that its restaurant services bearing the "Jinya" trademark are sponsored,

-6-

endorsed, approved by, or connected with Jinya.

35.     Defendant's conduct is without Jinya's permission or authority. Moreover, on information and belief, Defendant had actual knowledge of Jinya's prior and senior rights in the Jinya Marks. As a result, Defendant has committed and continues to commit its infringement with full knowledge of Jinya's trademark rights. Thus, Defendant willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Jinya and to deceive the public. Defendant's use of the "Jinya" trademark without authority from Jinya in connection with and to identify its services constitutes trademark infringement in violation of 15 U.S.C. § 1114.

36.     Upon information and belief, Defendant has profited from this infringement.

37.     This is an exceptional case under 15 U.S.C. § 1117(a).

38.     Defendant's conduct has caused damage to Jinya in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably impair further the value of the Jinya Marks, for which there is no adequate remedy at law.

39.     In light of the foregoing, Jinya is entitled to injunctive relief prohibiting Defendant from using the name "Jinya" or any confusingly similar trademark for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Jinya has sustained and will sustain as a result thereof, in an amount not yet known, but which circumstances warrant trebling pursuant to 15 U.S.C. § 1117, as well as the costs of this action.

## COUNT 2:

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

40.     Jinya hereby repeats, realleges, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

41.     Defendant's actions as alleged herein constitute use in commerce of

-7-

certain false designations of origin in connection with the sale and advertising of its restaurant services. This conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Jinya, or as to the origin, sponsorship, or approval of Defendant's services by Jinya. Defendant's conduct is likely to induce consumers to believe, contrary to fact, that Defendant's restaurant services featuring the infringing "Jinya" trademark are sponsored, endorsed, approved by, or connected with Jinya.

42. Defendant's conduct is without Jinya's permission or authority. Upon information and belief, Defendant had actual knowledge of Jinya's prior and senior rights in its Jinya Marks. Thus, Defendant willfully, deliberately, and maliciously engaged in unfair competition with an intent to injure Jinya and to deceive the public.

43. As a result of Defendant's improper activities, Jinya has suffered and will continue to suffer substantial injury, including irreparable injury to its reputation and business, unless Defendant is enjoined.

44. Defendant's improper activities, as set forth above, have been willful and deliberate, thereby making this an exceptional case under the Lanham Act and warranting attorney's fees and damages.

## COUNT 3:

## UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200 et seq.)

45. Jinya hereby repeats, realleges, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

46. Defendant's conduct alleged herein constitutes willful and deliberate unfair competition in wanton disregard of Jinya's valuable intellectual property rights. Upon information and belief, Defendant has profited from its unfair acts.

47. Defendant's conduct has directly and proximately caused and will continue to cause Jinya substantial and irreparable injury, including customer

confusion, injury to its reputation, and diminution in value of its intellectual property, and unless restrained, will continue to seriously and irreparably impair further the value of the Jinya Marks, for which there is no adequate remedy at law.

48.    In light of the foregoing, Jinya is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 *et seq.* restraining Defendant from engaging in further such unlawful conduct, as well as restitution of those amounts unlawfully obtained by Defendant through its wrongful conduct.

## COUNT 4:

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

49.    Jinya hereby repeats, realleges, and incorporate by reference the foregoing paragraphs as if fully set forth herein.

50.    Jinya is the senior user of the name "Jinya" having used the mark in commerce since at least as early as 2010.

51.    Defendant has acted in concert to appropriate the Jinya Marks to promote identical restaurant services. This conduct creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Jinya, or as to the origin, sponsorship, or approval of Defendant's services by Jinya. Defendant's conduct is likely to induce consumers to believe, contrary to fact, that its restaurant services under the name "Jinya" are sponsored, endorsed, approved by, or connected with Jinya.

52.    Defendant's conduct is without Jinya's permission or authority.

53.    On information and belief, Defendant had actual knowledge of Jinya's prior and senior rights in its Jinya Marks. As a result, Defendant has committed its infringement with full knowledge of Jinya's trademark rights. Thus, Defendant willfully, deliberately, and maliciously engaged in the described acts with an intent to injure Jinya and to deceive the public.

54.    In light of the foregoing, Jinya is entitled to injunctive relief

prohibiting Defendant from using the Jinya Marks for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Jinya has sustained and will sustain as a result thereof, as well as the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Jinya prays for judgment as follows:

1.    Entry of judgment for Jinya against Defendant on all counts in the Complaint;

2.    For an award of actual and compensatory damages against Defendant, for all actual and general losses in an amount according to proof at trial;

3.    For an award of punitive and exemplary damages in a sum sufficient to punish and make an example of Defendant;

4.    For all injunctive relief deemed necessary to abate and further prevent the wrongdoing committed by Defendant;

5.    For an order and judgment that Defendant has unfairly competed with Jinya in violation of Jinya's rights under 15 U.S.C. § 1125(a), common law, and/or California law;

6.    Treble the amount of actual damages suffered by Jinya under 15 U.S.C. § 1117;

7.    For an award of attorneys' fees and costs of suit;

8.    For the award of pre-judgment and post-judgment interest, at the maximum legal rate; and

9.    Any and all further relief which the Court deems just and proper.

Dated:  June 8, 2026                    GORDON REES SCULLY MANSUKHANI LLP

                                        By:  /s/ Reid E. Dammann
                                             Reid E. Damman

-10-
COMPLAINT
Jinya Complaint(118215142.1) - 6/8/2026 1:36 PM

Attorneys for Plaintiffs

-11-